**UNITED STATES DISTRICT COURT
SOUTHERN *DISTRICT* OF MISSISSIPPI
JACKSON DIVISION**

GREEN TREE SERVICING, LLC                                                **PLAINTIFF**

vs.                                                 CIVIL ACTION NO. 3:05-cv-703-HTW-LRA

THURMOND R. MCGEE                                                **DEFENDANT**

## **ORDER ON MOTION TO COMPEL ARBITRATION AND TO STAY**

Before the court is the corrected motion to compel arbitration [**Docket No. 6**] submitted by the plaintiff Green Tree Servicing, LLC ("Green Tree"). Plaintiff submits this motion pursuant to the authority of Title 9 U.S.C. § 2[1] and Title 9 U.S.C. § 4.[2] Green Tree states that the defendant Thurmond R. McGee executed a note containing

---

[1]Title 9 U.S.C. § 2 states:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

[2]Title 9 U.S.C. § 4 provides in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

1

an arbitration clause. The terms of the arbitration clause require the defendant to arbitrate all claims, disputes and controversies against Conseco Finance Servicing Corporation (Conseco). Green Tree Financial Servicing Corporation is the predecessor-in-interest to Conseco, is now a limited liability corporation (LLC), and is a named defendant in a state court lawsuit filed by the defendant.

## I. Background

Exhibit 1 to this motion presents the arbitration clause in question, which provides in relevant part as follows:

> **9. ARBITRATION**
>
> All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code.... The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement....

(Bold; capitalized text original).

## II. Plaintiff's Argument

Exhibit 2 to the motion to compel is a Chancery Court complaint filed by the defendant in Leake County, Mississippi, charging Conseco Finance Mortgage Services ("Conseco") and Green Tree with having directed the Trustee under a Deed of Trust, John M. Morris of Louisiana, to conduct a foreclosure sale on the defendant's residence due to the purported nonpayment for vinyl siding sold to and financed by the defendant through Leadco Construction Company, Inc. Green Tree submits that the arbitration clause is broad enough to cover this claim as one which is arbitrable. Moreover, Green Tree notes that the district court twice has enforced this very same arbitration clause In two cases, in *Arthur and Barbara McLin v. Green Tree Servicing, LLC*, Civil Action No. 2:05-cv-369 KS-JMR (see Exhibit 3), and in *Jason Bryant, et al. v. Greentree Servicing, LLC*, Civil Action No. 2:05-cv-208 KS-JMR (Exhibit 4).[3]

## III. Defendant's Response

The defendant responds that arbitration should not be compelled because the arbitration clause in question is unconscionable. The defendant argues that the arbitration clause grants Green Tree the right to select the arbitrator; that it does not provide guidelines for arbitration; and that it permits Green Tree to pursue certain claims and remedies in court while requiring the plaintiffs to arbitrate any claim they may have.

---

[3]See also *Pridgen v. Green Tree Financial Servicing Corporation*, 88 F.Supp.2d 655 (S.D. Miss. 2000), Barbour J.

## IV. **The Court's Analysis**

This court has reviewed the arbitration clause in question and is persuaded to compel arbitration as requested. The Federal Arbitration Act, 9 U.S.C. § 1, et seq.,[4] expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002); see also *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000). The arbitration process is strongly favored by federal courts. *Gilmer v. Interstate/Johnson Lane Corp*oration, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

The United States Court of Appeals for the Fifth Circuit has held that the language of an arbitration clause is to be read very broadly. *Pennzoil Exploration v. Ramco Energy, Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998) (characterizing similar language as "capable of expansive reach"); *Nauru Phosphate Royalties v. Drago Daic Interests*, 138 F.3d 160, 165 (5th Cir. 1998), *cert. denied* 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998) ("when parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship").

Courts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *Webb v. Investacorp., Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, a court must determine whether the parties agreed to arbitrate the

---

[4]Section 2 of the Federal Arbitration Act states that, "[a] written provision in ... a contract or transaction ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Title 9 U.S.C. § 2.

dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.*, 89 F.3d at 257-58. The second step involves the determination of "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, Inc., 473 U.S. 614, 626 (1985).

This court finds that the parties in this case clearly agreed to arbitrate the dispute regarding foreclosure. A valid agreement or contract is a matter governed by state law. *Webb*, 89 F.3d at 258. Under Mississippi law the elements of a valid contract are: (1) two or more contracting parties; (2) consideration;[5] (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. *Rotenberry v. Hooker*, 864 So.2d 266, 270 (Miss. 2003). All these elements are present in the instant agreement. Inasmuch as this court finds that the parties clearly agreed to arbitrate, this court is not required to resolve the question of whether the dispute in question falls within the scope of that arbitration agreement. *Webb*, 89 F.3d at 258 n 3.

This court notes that the arbitration clause does not, as the defendant contends, preclude the defendant from the selection of an arbitrator. The selection of an arbitrator requires the defendant's consent. Moreover, the federal district courts in this state, referring to general Mississippi law on the matter, have concluded that "mutuality of

---

[5] Here, in exchange for financing the vinyl siding, the defendant promised to pay back the loan with interest. Thus, consideration is present. *Theobald v. Nosser*, 752 So.2d 1036, 1040 (Miss. 1999).

5

obligation is not required for a contract to be enforceable" and that an "arbitration clause is not unenforceable solely because it is one-sided." *Family Financial Services, Inc. v. Fairley*, 173 F.Supp.2d 565, 572 (S.D. Miss. 2001); *Pridgen v. Green Tree Financial Servicing Corporation*, 88 F.Supp.2d 655, 659 (S.D. Miss. 2000), citing *Harris v. Green Tree Financial Corporation*, 183 F.3d 173 (3rd Cir. 1999), and *Clinton Service Company v. Thornton*, 233 Miss. 1, 100 So.2d 863, 866 (1958). That is, an arbitration clause containing an option by a lender to use judicial or non-judicial relief to enforce a contract, while requiring the borrower to resort exclusively to arbitration, is not unconscionable. Finally, the arbitration clause in question states that it is governed by "the Federal Arbitration Act, Title 9 of the United States Code." The defendant cites no case law in support of his theory that an agreement to arbitrate must include procedural "ground rules" to govern the proceedings. *See Weinberg v. Silber*, 57 Fed.Appx. 211 (5th Cir. 2003), finding no such authority.

This court is persuaded that the defendant agreed to arbitrate any disputes arising out of or related to the arbitration clause contained in his promissory note. Therefore, the motion to compel arbitration is well taken.

### V. <u>Stay of Proceedings</u>

Once this court determines that the issues in a case are within the reach of an arbitration agreement, the FAA mandates that the legal proceedings be stayed. *Folse v. Richard Wolf Medical Instruments Corporation*, 56 F.3d 603, 605 -606 (5th Cir. 1995) (citing Title 9 U.S.C. § 3).

6

## VI.  CONCLUSION

For the reasons set forth above, the motion to compel arbitration and stay court proceedings [**Docket No. 6**] filed by defendant, Green Tree Servicing, LLC, is hereby granted.  The parties shall arbitrate the claims at issue here and the case will be stayed in its entirety pending the outcome of arbitration proceedings.

**SO ORDERED**, this the 22nd day of March, 2010.

s/ **HENRY T. WINGATE**
_____
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-703-HTW-LRA
Order Compelling Arbitration